IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOPE GAMBLE,<br><br>                **Plaintiff,**<br><br>-v-<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                **Defendants.** | Civil Case Number:<br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## **INTRODUCTION**

1. Plaintiff, Hope Gamble, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Equifax Information Services, LLC (Equifax), Transunion, LLC (Transunion), Experian Information Solutions, Inc. (Experian) and Portfolio Recovery Associates, LLC, (Portfolio) have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Equifax, Transunion and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## **JURISDICTION**

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

Defendants regularly conducts business within the state of Massachusetts and violated Plaintiff's rights under the FCRA in the state of Massachusetts as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Hope Gamble ("Plaintiff"), is a resident of Springfield, Massachusetts and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

9. Defendant Trans Union is also one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. Trans Union is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

11. Defendant Experian is similarly one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

13. Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "Portfolio"), is a debt collector with its principal place of business located at 120 Corporate Blvd, Norfolk, VA 23502.

## FACTUAL ALLEGATIONS

14. On September 12, 2018, Defendant Portfolio obtained a judgment against the Plaintiff in Small Claims Court in Springfield, Massachusetts in the amount of $509.79. *See,* Exhibit A, page 1.

15. Unbeknownst the Plaintiff, Defendant Portfolio then reported that debt to the three credit reporting agencies – Equifax, Experian and TransUnion.

16. In April of 2020, the Plaintiff satisfied the judgment.

17. On April 23, 2020, counsel for Defendant Portfolio filed a Satisfaction of Judgment with the Small Claims Court, certifying under the penalty of perjury that the debt had been fully

satisfied.  *See,* Exhibit A, page 2.

18. In early 2021, Plaintiff noticed that Defendant Portfolio was still reporting to the three credit bureaus that she still owed a $510 balance on this account.[1]

19. This information is plainly inaccurate because the Plaintiff's debt had been satisfied a year earlier, as Portfolio had expressly acknowledged in its filing with the Small Claims Court.

20. Plaintiff accordingly disputed this information with Experian, Equifax and Transunion.

21. Nevertheless, the Defendants have each failed to investigate the Plaintiff's disputes, instead each claiming to have 'verified' that the Plaintiff still has a balance of $510 on this debt when she plainly does not have a balance on this satisfied debt.

22. Defendants each failed to conduct an adequate investigation of the Plaintiff's disputes, and continue reporting this inaccurate information to this day.

23. Upon information and belief, Equifax, Experian and Transunion each had all the information they needed to locate, investigate and correct this inaccurate information, but just failed to do.

24. At all times pertinent hereto, Equifax's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

25. At all times pertinent hereto, Transunion's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

26. At all times pertinent hereto, Experian's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

27. As a direct and proximate result of the Defendants' willful and/or negligent refusal to

---

[1] Upon information and belief, the credit bureaus do not report partial dollar amounts.  Instead, balances are reported by rounding to the nearest dollar.  Therefore, a $509.79 balance is reported as $510.

conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life. For example, Plaintiff's credit score dropped significantly, affecting the Plaintiff's ability to obtain credit. Plaintiff was then denied multiple credit cards as a result of the Defendants' actions.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EQUIFAX

28. All preceding paragraphs are realleged.

29. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

30. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

31. Plaintiff disputed this information with Equifax on July 28, 2021, by mailing Equifax a letter.

32. Equifax received Plaintiff's letter on or about July 15, 2021, as evidenced by Equifax's response to Plaintiff dated August 25, 2021.

33. In her Letter, Plaintiff specifically advised Equifax that "Balance should be reporting as $0. On April 23, 2020, the attorney for Portfolio Recovery entered an Acknowledgement of Satisfaction of Judgement with Trial Court of Massachusetts District Court Department."

34. With her dispute letter, Plaintiff included a copy of the Acknowledgment of Satisfaction of Judgment entered in the Small Claims Court on April 23, 2020.

35. However, Defendant Equifax has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

36. Instead, Equifax 'verified' that the reported information was accurate on August 25, 2021.

37. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

38. All preceding paragraphs are realleged.

39. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

40. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report, given that the satisfaction of judgment submitted by Portfolio's attorneys plainly supported the Plaintiff's claim that she no longer owed a balance on this debt.

41. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST TRANSUNION

42. All preceding paragraphs are realleged.

43. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

44. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

45. Plaintiff disputed this information with Transunion on April 6, 2021, by submitting a dispute with Transunion online.

46. In her dispute to Transunion, Plaintiff specifically advised Transunion that "Acknowledgement of satisfaction of judgment was entered in court April 23, 2020 by portfolio recovery attorney that this account was FULLY SATISFIED. Acct should not have been reporting balance since 4/23/2020."

47. However, Defendant Transunion has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

48. Instead, Transunion 'verified' that the reported information was accurate on April 29, 2021.

49. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT IV**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST TRANSUNION**

50. All preceding paragraphs are realleged.

51. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

52. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report, given that the satisfaction of judgment submitted by Portfolio's attorneys plainly supported the Plaintiff's claim that she no longer owed a balance on this debt.

53. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT V**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

54. All preceding paragraphs are realleged.

55. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that

term is defined by 15 U.S.C. § 1681a(c).

56. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

57. Plaintiff disputed this information with Experian on April 6, 2021, by submitting a dispute with Experian online.

58. In her dispute to Experian, Plaintiff specifically advised Experian that "Acknowledgement of satisfaction of judgment was entered in court April 23, 2020 by portfolio recovery attorney stating the account was FULLY SATISFIED.  Please delete account."

59. However, Defendant Experian has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

60. Instead, Experian 'verified' that the reported information was accurate on April 29, 2021.

61. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT VI
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EXPERIAN

62. All preceding paragraphs are realleged.

63. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

64. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report, given that the satisfaction of judgment submitted by Portfolio's attorneys plainly supported the Plaintiff's claim that she no longer owed a balance on this debt.

65. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT VII
### FAILURE TO INVESTIGATE DISPUTE
### 15 USC § 1681s-2(b)
### AGAINST PORTFOLIO

66. All preceding paragraphs are re-alleged.

67. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

68. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the balance being reported by Portfolio.

69. As evidenced by their responses to the Plaintiff, Portfolio received these disputes.

70. Portfolio was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

71. Portfolio failed to reasonably investigate Plaintiff's disputes, despite its own attorneys submitting an acknowledgment in open court under the penalties of perjury, confirming that the Plaintiff had satisfied the judgment on the $510 debt that Portfolio was trying to collect.

72. Indeed, Portfolio's on-going failures to correct Plaintiff's account information in light of the Satisfaction of Judgment is evidence that its investigation into Plaintiff's dispute was deficient.

73. Portfolio's conduct violated section 1681s-2(b) of the FCRA.

74. Defendant's conduct was both negligent and willful, when the Plaintiff specifically informed the Defendant that she had a zero dollar balance on this account and when Defendant's own attorneys submitted an acknowledgment in open court under the penalties of perjury, confirming that the Plaintiff had satisfied the judgment on the $510 balance that Portfolio was still owed.

75. As a result of the Defendant's conduct, the Plaintiff has been harmed.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 13, 2021

> By: /s/ Kevin Crick
> Kevin Crick, Esq.
> BBO: 680950
> Rights Protection Law Group, PLLC
> 100 Cambridge St., Suite 1400
> Boston, MA 02114
> Phone: (617) 340-9225
> Fax: (888) 622-3715
> k.crick@rightsprotect.com
> *Attorney for Plaintiff*
>
> Yitzchak Zelman, Esq.
> *Pro Hac Vice to be filed*
> MARCUS ZELMAN, LLC
> 701 Cookman Avenue, Suite 300
> Asbury Park, New Jersey 07712
> Phone: (732) 695-3282
> Facsimile: (732) 298-6256
> Email: yzelman@marcuszelman.com
> *Attorneys for Plaintiff*